IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

---

No. 1:00-CR-93

---

United States of America

v.

Jason Gregory Noble
                                            Defendant

---

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

---

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 18, 2011, alleging that the Defendant, Jason Gregory Noble, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on January 18, 2001, before the Honorable Howell Cobb, United States District Judge of the Eastern District of Texas, after pleading guilty to the offense of

making a false statement in connection with the acquisition of a firearm, a class C felony. The offense carried a statutory maximum imprisonment term of 10 years' imprisonment. The guideline imprisonment range, based on a total offense level of twelve and a criminal history category of IV, was 21 to 27 months. The Defendant was sentenced to 27 months' imprisonment, which was followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include no offenses against a foreign state or nation, financial disclosure, druf aftercare, mental health aftercare, and a $100 special assessment. On July 29, 2002, the judgment in this case was amended to include that the Defendant's term of imprisonment shall run concurrently with his sentence in Jefferson County case nos. 80708, 80839, and 82728. On August 20, 2009, this case was reassigned to the Honorable Ron Clark. On August 27, 2009, Mr. Noble's conditions of supervised release were modified to include that Jason Noble will have no contact wahtsoever, directly or indirectly, with Carl Kruger.

## II. The Period of Supervision

Mr. Noble completed his period of imprisonment and began service of his supervision term on August 5, 2008.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 21, 2011. The petition alleges that the Defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | The Defendant shall not commit another federal, state, or local crime. |
| 2. Special Condition: | | The Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, |

until such time as the Defendant is released from the program by the probation officer.

The petition alleges that on May 10, 2010, Mr. Noble was sentenced to eight years' confinement pursuant to his conviction for the offense of Aggravated Assault, case no. 09-07303 in the Criminal District Court, Jefferson County, Texas, and that while participating in the U.S. Probation Office's random urine collection program, on January 3, 2009, he failed to report to submit a urine specimen, as directed.

### IV. Proceedings

On November 21, 2011, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant pled "true" to the Government's second allegation that he violated a special condition of supervised release, to wit: "The Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer." Further, the parties agreed the court should revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment, with no term of supervised release thereafter. This sentence shall run concurrently to the sentence of imprisonment imposed by the Criminal District Court, Jefferson County, Texas, pursuant to his conviction for the offense of Aggravated Assault, case no. 09-07303.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to submit a urine specimen on January 3, 2009, Jason Gregory Noble will be guilty of committing a Grade C violation and the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the Government's second allegation that he violated a court-ordered condition of supervised release by failing participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer. Based upon the Defendant's plea of "true" to this allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6-12 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that the Defendant violated a condition of supervised release by failing participate in a program of testing and treatment for drug

abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. The Defendant should be sentenced to a term of imprisonment of six (6) months, with no term of supervised release thereafter; and

4. The Defendant's sentence shall run concurrently to the sentence of imprisonment ordered by the Criminal District Court, Jefferson County, Texas, pursuant to his conviction for the offense of Aggravated Assault, case no. 09-07303. The Texas Department of Corrections shall be designated as the facility in which the Defendant is to serve his federal sentence.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 28th day of November, 2011.

_____
Zack Hawthorn
United States Magistrate Judge